UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINA DAVIS, on behalf of
herself and the class defined below,

        CASE NO.  10-12136
Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

CITIMORTGAGE, INC.,

Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 11, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint [dkt 8] and Defendant's motion to dismiss Plaintiff's first amended complaint [dkt 14]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's motions are GRANTED.

**II. BACKGROUND**

In July 2009, Plaintiff applied for a mortgage loan modification under the Making Home Affordable Modification Program ("HAMP") through Defendant. As part of her application,

Plaintiff certified that she was either in default on her mortgage at that time or that she would soon be in default, and that she did not have sufficient income or access to liquid assets to make her monthly mortgage payments. In her complaint, Plaintiff alleges that she was current on her mortgage payments at the time she made this request. Based on Plaintiff's representations, Defendant approved Plaintiff for a trial loan modification ("Trial Plan") in September 2009, under which Plaintiff agreed to pay reduced monthly payments of $488.29. Plaintiff paid each Trial Plan payment fully and on time, but in April 2010, Plaintiff received a letter from Defendant stating that she needed to a make payment in the amount of $10,152.22 to avoid foreclosure proceedings. When Plaintiff called Defendant to inquire into the status of her requested modification, Defendant informed her, without explanation, that her modification was denied.

Plaintiff, on behalf of a putative class, alleges that Defendant violated the Equal Credit Opportunity Act ("ECOA") by allegedly failing to provide Plaintiff with written notice of Defendant's decision to deny Plaintiff's request for a mortgage loan modification. In its motion to dismiss, Defendant claims that Plaintiff's ECOA claim fails to state a claim upon which relief can be granted because: (1) Plaintiff was not current on her mortgage loan at the time of the denial; (2) Plaintiff does not allege discrimination in her complaint; and (3) Plaintiff's request for a loan modification is not an application for credit under the ECOA. Plaintiff then filed an amended complaint and responded to Defendant's motion in reliance on the amended complaint. Defendant then filed a combined reply brief and motion to dismiss the amended complaint, in which Defendant argues that amending the complaint would be futile.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should grant leave to amend a complaint "when justice so requires." "[A] motion to amend a complaint should be denied if the amendment . . . would be futile." *PT Pukuafu Indah v. U.S. Sec. & Exch. Comm'n*, No. 09-10943, 2009 U.S. Dist. LEXIS 92997, at *3 (E.D. Mich. Oct. 6, 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile when the proposed amendment fails to state a claim upon which relief can

3

be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *PT Pukuafu Indah*, 2009 U.S. Dist. LEXIS 92997, at *3 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

## IV. ANALYSIS

The HAMP is a government program created pursuant to the October 3, 2008, Emergency Economic Stabilization Act, 12 U.S.C. § 5201 (2008). *Williams v. Geithner*, No. 09-1959, 2009 U.S. Dist. LEXIS 104096, at *3–4 (D. Minn. Nov. 9, 2009).

> HAMP is . . . designed to promote loan modification and other foreclosure prevention services. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. The servicer's obligations under HAMP are set forth in the HAMP Agreement, as well as in Program Guidelines established by the Department of the Treasury.

*Brown v. Bank of N.Y. Mellon*, No. 1:10-CV-550, 2011 U.S. Dist. LEXIS 6006, at *5–6 (W.D. Mich. Jan. 21, 2011) (quoting *Villa v. Wells Fargo Bank, N.A.*, No. 10CV81, 2010 U.S. Dist. LEXIS 23741, at *2–3 (S.D. Cal. Mar. 15, 2010) (citations omitted).

When a consumer applies for a mortgage loan modification under the HAMP and a creditor denies the request, the denial may implicate the ECOA. "Originally enacted in 1974 to prohibit discrimination in credit transactions, the ECOA was amended in 1976 to require creditors to furnish written notice of the specific reasons for adverse action taken against a consumer." *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 146 (5th Cir. 1983) (citing 15 U.S.C. §§ 1691(d)(2) and (3)). In this case, Plaintiff claims that when Defendant denied her request for a mortgage loan modification, the ECOA required Defendant to provide Plaintiff with written notice of the specific reasons for the denial.

4

However, the ECOA's notice requirements do not apply where the consumer requesting credit is delinquent or in default on an existing credit arrangement with the creditor. 15 U.S.C. § 1961(d)(6) (stating that adverse action "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default"); 12 C.F.R. § 202.2(c)(2)(ii) (stating that adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account"). The default status of a consumer is determined at the time the creditor takes action with respect to the consumer, rather than at the time the consumer applies for credit. *See Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 406–07 (6th Cir. 1998) (stating that the filing of a lawsuit was not adverse action where the debtor was in default when the lawsuit was filed); *Haynes v. Bank of Wedowee*, 634 F.2d 266, 272 (5th Cir. 1981) ("We therefore conclude that appellant was in default at the time her note was accelerated and that the acceleration was not adverse action within the meaning of 12 CFR § 202.2(c).").

According to Defendant, it is undisputed that Plaintiff was in default on her existing credit arrangement in the amount of $10,152.22 when Defendant denied her request for a mortgage loan modification. Plaintiff responds that her amended complaint alleges that she was current on her mortgage at the time she requested the modification, and that she timely and fully paid all Trial Plan payments. Thus, Plaintiff argues, since she was current on her Trial Plan payments, she was current on her existing mortgage loan. In support of this argument, Plaintiff relies on language in the Trial Plan stating that "[i]f I am in compliance with this Trial Period Plan . . . then [Defendant] will provide me with a Home Affordable Modification Agreement."

However, the Trial Plan explicitly provided that it "is not a modification of the Loan

Documents and that the Loan Documents will not be modified unless and until" certain conditions are met. Whether the conditions were satisfied and Defendant failed to follow through on any agreement to modify Plaintiff's existing mortgage loan is not at issue in this case. The sole issue is whether Defendant was required by the ECOA to provide Plaintiff with written notice of its denial of Plaintiff's requested modification. While Plaintiff alleges that she was current on her Trial Plan payments, the Trial Plan clearly stated that it did not modify the existing credit arrangement. Furthermore, by alleging that she paid reduced monthly payments under the Trial Plan, Plaintiff admits that she was not current on her mortgage loan when Defendant denied her requested modification. Plaintiff also does not deny that she owed $10,152.22 at the time of the denial. Thus, the ECOA did not require Defendant to give Plaintiff written notice of the reasons for the denial. The Court therefore finds that both the complaint and the amended complaint fail to state a claim upon which relief can be granted.[1]

---

[1] Since the complaint and amended complaint fail to state a claim upon which relief can be granted on this basis alone, the Court need not address additional arguments advanced in Defendant's motions.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's complaint [dkt 8] and Defendant's motion to dismiss Plaintiff's first amended complaint [dkt 14] are GRANTED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 11, 2011.


S/Marie E. Verlinde
Case Manager
(810) 984-3290